IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11116
Conference Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

VINCENT MULINAX,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-45-2-A
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Vincent Mulinax appeals his sentence following his guilty-plea conviction for conspiracy to fraudulently use identities, in violation of 18 U.S.C. §§ 371 and 1028. He argues that the district court abused its discretion in imposing an upward departure. Mulinax asserts that his case did not fall outside the "heartland" of cases covered by the Sentencing Guidelines, so that an upward departure was not warranted under U.S.S.G. § 5K2.0, p.s. He additionally maintains that the harm suffered

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by some of the victims was not serious enough to warrant an upward departure.

The district court's decision to depart from the Guidelines is reviewed for abuse of discretion.  Koon v. United States, 518 U.S. 81, 96-100 (1996).  Contrary to Mulinax's contention, the Guidelines specifically encourage upward departures based on the factors delineated by the district court at the sentencing hearing.  See id.; United States v. Wells, 101 F.3d 370, 373-74 (5th Cir. 1996)(recognizing that application notes to U.S.S.G. § 2F1.1 encourage upward departures based on non-monetary and psychological harm).  Furthermore, in light of our decision in Wells, the district court could have reasonably concluded that the hardships suffered by the victims in this case made their harm unusual, taking this case out of the heartland of the Guidelines and making the two-level upward departure appropriate. See Wells, 101 F.3d at 374-75.  Accordingly, we conclude that the district court did not abuse its discretion in imposing an upward departure.

To the extent that Mulinax seeks to appeal the denial of his motion for downward departure, we lack jurisdiction to review it. See United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999).

AFFIRMED.